THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOSEPH OUTLAR, Defendant.

Court of General Sessions, New York County, June 9, 1931.

*Louis J. Capozzoli, Assistant District Attorney*, for the plaintiff.

*Leroy Campbell*, for the defendant.

FRESCHI, J. Counsel for the defendant has applied to the court for the appointment of examiners pursuant to section 125 of the Mental Hygiene Law (as amd. by Laws of 1927, chap. 426), claiming that the defendant is an alleged mental defective.

This defendant, it appears from the record in this case, was committed by my colleague, Judge KOENIG, to the psychopathic department of Bellevue Hospital on May 1, 1931, for the purpose of observation and examination as to his mental condition.

On June 2, 1931, the director of such department, Dr. M. S. Gregory, returned his written report herein stating the result of such examination and concludes: " We are of the opinion that this man is not insane at the present time, nor is he a mental defective."

In addition to such report, this court has conferred with Dr. Lichtenstein, the Tombs physician, who states that in his opinion the

defendant is a constitutional psychopath, which means that he is an emotionally unstable individual who has been so for years and who is unadaptable to surrounding conditions and situations.

The procedure relative to diagnosis and commitment of mentally defective persons before trial is fully provided in section 125 of the Mental Hygiene Law, *supra*. While it is true that the examiners provided for in that section were not appointed here, still I am of the opinion that in all such cases where medical authorities entertain an opinion that the person in question is not mentally defective, it is incumbent upon counsel for the accused to submit adequate proof to justify the appointment of qualified examiners in the case of the alleged mentally defective person.

For the foregoing reasons, the motion of defendant's counsel is hereby denied, with leave to renew if sufficient proof is submitted to warrant the appointment of examiners for the commitment to an institution for defective delinquents in the case at bar.